USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/13/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
TRUSTEES OF THE DRYWALL TAPERS AND POINTERS LOCAL UNION NO. 1974 BENEFIT FUNDS and THE DISTRICT COUNCIL NO. 9, DRYWALL TAPERS AND POINTERS OF GREATER NEW YORK LOCAL UNION 1974, AFFILIATED WITH INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO,

                            Plaintiffs,

-against-

DANMAR INTERIORS INC. a/k/a DANMAR INTERIORS a/k/a DANMAR INTERIORS, INC.,

                            Defendant.

20 Civ. 8377 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       To protect the public health, while promoting the "just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, it is ORDERED pursuant to Rules 30(b)(3) and 30(b)(4) of the Federal Rules of Civil Procedure that all depositions in this action may be taken via telephone, videoconference, or other remote means. It is further ORDERED pursuant to Rule 30(b)(5) that a deposition will be deemed to have taken place "before an officer appointed or designated under Rule 28" if such officer attends the deposition using the same remote means used to connect all other participants, so long as all participants (including the officer) can clearly hear and be heard by all other participants. The parties are encouraged to engage in discovery through remote means at every available opportunity.

       SO ORDERED.

Dated: October 13, 2020
       New York, New York

                                                              ANALISA TORRES
                                                      United States District Judge